IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-03-CR-0305-M |
| | § | NO. 3-05-CV-1186-M |
| OSCAR YBARRA, JR. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Oscar Ybarra, Jr., appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). At sentencing, the district court determined that defendant had three prior convictions for violent felonies and assessed punishment at 180 months confinement, followed by supervised release for a period of five years. No appeal was taken. Instead, defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In three related grounds, defendant argues that his sentence was improperly enhanced under the "armed career criminal" statute because his prior convictions for burglary of a building do not qualify as violent felonies. More particularly, defendant contends that his guilty plea was unlawfully induced by the prosecutor and defense counsel, both of whom misrepresented that the prior burglary

convictions could be used to enhance his sentence. Defendant also blames his attorney for waiving his right to appeal.[1]

A.

18 U.S.C. § 924(e), also known as the "armed career criminal" statute, provides for a mandatory minimum 15-year sentence for a defendant who violates section 922(g) and has three previous state or federal convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1). The term "violent felony" includes burglary. *Id.* § 924(e)(2)(B)(ii). In *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court concluded that it was necessary to define "burglary," as used in section 924(e), independently of various state definitions of the offense. The court determined that "a person has been convicted of burglary for purposes of a section 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." *Taylor*, 110 S.Ct. at 2158. In so holding, the *Taylor* court clarified that its definition of "burglary" was generic and premised upon the most basic elements of the crime. *Id.* "[I]f the defendant was convicted of burglary in a State where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary." *Id.*; *see also United States v. Silva*, 957 F.2d 157, 161-62 (5th Cir.), *cert. denied*, 113 S.Ct. 250 (1992).

The presentence investigation report shows that defendant has six prior convictions for burglary of a building. The first three offenses were committed on December 31, 2000, when

---

[1] The government responds that most, if not all, of defendant's claims are procedurally barred due to the waiver provision contained in the plea agreement or the failure to raise these issues on direct appeal. Because defendant is not entitled to relief in any event, the court will consider his claims on the merits.

defendant forcibly entered three different convenience stores in Fort Worth, Texas and stole various amounts of cash. (*See* PSR at 7-9, ¶¶ 32-34). The other three offenses, also involving Fort Worth convenience stores, were committed within days of one another in March 2001. In each of those offenses, defendant either took an undisclosed amount of money, unknown items, or was found hiding on the premises. (*Id.* at 9-10, ¶¶ 35-37). Under Texas law, a person commits the offense of burglary if, without the effective consent of the owner, the person:

> (1)   enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2)   remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
> (3)   enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PENAL CODE ANN. § 30.02(a) (Vernon 2003). The Fifth Circuit has held that this generic definition of burglary, punishing nonconsensual entry into a building with intent to commit a crime, satisfies the requirements of *Taylor*. *See Silva*, 957 F.2d at 162. Consequently, all grounds for relief implicating defendant's sentence under the "armed career criminal" statute are overruled.

B.

Defendant also criticizes his lawyer for waiving his right to appeal as part of the plea agreement. At rearraignment, the court summarized the terms of the written plea agreement with the government and thoroughly questioned defendant about its contents. Defendant testified that he read the plea documents, understood the terms of the agreement, and voluntarily entered into the agreement of his own free will. (Plea Hrg. Tr. at 10-12). He also told the judge that no one made any promises or assurances to obtain his guilty plea. (*Id.*). The court then examined defendant about the waiver provision:

>    THE COURT: In paragraph 11 you're waiving your right to appeal except you're reserving the right to bring a direct appeal of any sentence exceeding the statutory maximum punishment, an upward departure from the guideline range deemed most applicable by the district court, arithmetic errors at sentencing and the claim of ineffective assistance of counsel. You've waived your right as well to proceedings under 28 U.S.C. Sections 2255 and 2241. Do you understand that that's what you've reserved your right to appeal?
>
>    THE DEFENDANT: Yes.
>
>    THE COURT: Do you wish to waive your right to appeal except in these limited circumstances?
>
>    THE DEFENDANT: Yes, Sir.

(*Id.* at 16-17). It is clear from this colloquy that defendant understood the terms of the plea agreement, including the waiver of his right to appeal. His belated attempt to blame defense counsel for agreeing to this waiver simply is not credible. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  August 25, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE